Justice KOONTZ, dissenting.
I respectfully dissent from the majority's holding with respect to petitioner's claim (I)(C) of his petition for a writ of habeas corpus. Following our rehearing in this case, the majority correctly concludes that petitioner's trial counsel was ineffective for failing to object to the incomplete verdict forms given to the jury at the penalty determination phase of petitioner's capital murder trial. As a result, "[t]he jury was presented with a confusing situation in which the trial court's instructions and the form the jury was given to use in discharging its obligations were in conflict." Atkins v. Commonwealth, 257 Va. 160, 179, 510 S.E.2d 445, 457 (1999). In Atkins, we set aside the sentence of death imposed by the jury and remanded the case to the trial court for a new penalty proceeding. Id. In my view, the same result should obtain in the present case.
*608 Applying the "prejudice" prong of the two-part test enunciated in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the majority holds that petitioner has failed to demonstrate prejudice under the circumstances of this case because there is not a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. The thrust of the majority's reasoning to support this holding is that because the jury found "both aggravating factors beyond a reasonable doubt, it had no reason or occasion to consider the option of a life sentence with or without a fine mandated when the Commonwealth proves neither aggravating factor."
"[I]t is materially vital to the defendant in a criminal case that the jury have a proper verdict form." Atkins, 257 Va. at 178, 510 S.E.2d at 456. The prejudice which the majority finds lacking in the present case occurred the moment that petitioner's jury was permitted to determine whether a sentence of death or life would be imposed under circumstances we have condemned in Atkins.
While it may not be reasonable to require a perfect trial in all cases, a death case is materially different from all other criminal cases. Surely, the government does not afford an accused a fair trial when his counsel is ineffective and the jury is permitted to impose a sentence of death in a situation where the verdict forms are incomplete.
For these reasons, I would vacate petitioner's sentence of death and remand the case to the trial court for a new sentencing hearing.[9]
This order shall be published in the Virginia Reports.

Because I would conclude that petitioner was actually prejudiced by his counsel's deficient performance under the more exacting standard of Strickland, I express no opinion on whether the failure to provide the jury with complete verdict forms was also a "structural error" for which prejudice would be presumed.